IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

GERALD DWAYNE WARD,

Defendant.

Case No. 09-0014

ORDER FOR PRETRIAL DETENTION

On the 3rd day of June, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Marti Sue Sleister. The Defendant appeared personally and was represented by his attorney, Webb L. Wassmer.

## RELEVANT FACTS

On March 18, 2009, Defendant Gerald Dwayne Ward was charged by Indictment (docket number 1) with distributing and aiding and abetting the distribution of cocaine base near a protected location (Count 1) and conspiracy to distribute cocaine base (Count 7). At his arraignment on June 1, 2009, Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on July 27. 2009.

The Government did not offer any evidence regarding the charges. Instead, the Government relies on the rebuttable presumption found in 18 U.S.C. § 3142(e), and the information set forth in the pretrial services report.

Defendant is 32 years old and has never been married, but has eight children from four different relationships. Four of those children live with their mother in Cedar Rapids. The remaining children live with their mothers out of state. Prior to his arrest, Defendant lived in Cedar Rapids with his girlfriend, who is not a mother of any of his children.

1

Defendant moved to Cedar Rapids from Chicago approximately two years ago. Defendant dropped out of school in the 11th grade, but subsequently earned a GED.

Defendant advised the pretrial services officer that he "is currently self-employed buying and selling used cars." Defendant acknowledged, however, that "he does not currently have any vehicles for sale." Defendant's last formal employment was approximately five years ago, but he quit that employment because the state was "taking too much money for child support."

Defendant was shot in the right leg approximately ten years ago and this causes him pain when he has to stand or walk for long periods of time. Defendant does not report any other significant physical or mental health history. Defendant admitted using marijuana on a weekly basis since he was a teenager, with his last use being two days before his arrest on the current charges.

According to the pretrial services report, Defendant's first felony conviction was on a charge of burglary in Cook County, Illinois, in 2000. In 2001, Defendant was charged with battery causing bodily harm, with the disposition identified in the pretrial services report as "bail bond forfeiture." In 2003, Defendant was sentenced in Whitley County, Indiana, for possession of marijuana. He failed to appear for a show cause hearing in March 2004 and a warrant was issued for his arrest. Apparently, the show cause hearing is related to Defendant's failure to pay a court-ordered fine. The warrant is still outstanding, but the sheriff's office in Indiana has indicated that they will not extradite.

In 2005, Defendant was placed on probation following a conviction in Cook County for possession of 30-500 grams of cannabis. The probation was terminated in August 2007.

Defendant moved to Linn County, Iowa, in 2007. Since that time, he has ten convictions, mostly for driving offenses.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with distributing and aiding and abetting the distribution of cocaine base near a protected location (Count 1) and conspiracy to distribute cocaine base (Count 7), which are offenses found in § 3142(f)(1). The Government also alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant

detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with two serious drug offenses. The Government did not offer any evidence regarding the charges, however, and therefore the Court is unable to determine the "weight of the evidence." Defendant does not have any significant physical or mental health conditions, but admits the long-term regular use of marijuana. Defendant has only limited ties to this community, having moved from Chicago approximately two years ago. Defendant has not held regular employment for approximately five years. Defendant apparently has felony convictions for burglary and possession of 30-500 grams of cannabis. The events which give rise to

4

the instant drug charges allegedly occurred while Defendant was on probation for the drug charge in Illinois. Defendant has ten convictions in Linn County during the last two years, evidencing a general disregard for the laws of the State of Iowa. The Court is not confident that Defendant would comply with any terms or conditions which may be imposed on his release.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained

prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (June 1, 2009) to the filing of this Ruling (June 3, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 3rd day of June, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA